UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GASTRIDE PARIS, *on behalf of herself, FLSA Collective Plaintiffs and Class Members*,

Plaintiff,

v.

JEWISH CHILD CARE ASSOCIATION OF NEW YORK, INC., DAVID SPOKOWSKI,

Defendants.

26-CV-2701 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Gastride Paris brings this action against Defendants Jewish Child Care Association of New York, Inc. and David Spokowski for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. After engaging in arm's-length negotiations, the parties reached a settlement agreement to resolve this litigation. *See* Dkt. 26, Ex. 1. For the reasons that follow, the parties' agreement is approved.

**LEGAL STANDARD**

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015).[1] In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

**DISCUSSION**

Having reviewed the parties' joint letter in support of their motion for settlement approval, the proposed settlement agreement, and the proposed attorney's fees, the Court finds that the settlement is fair and reasonable.

**I. The Settlement Amount**

Under the proposed settlement agreement, Defendants have agreed to pay Plaintiff a total of $5,000, of which $1,000 is reserved for attorney's fees. *See* Dkt. 26, Ex. 1 at 2. Based on Plaintiff's overtime rate of approximately $38.22 per hour, Plaintiff alleges that she was entitled to total unpaid wages of approximately $14,000–$18,000. *See* Dkt. 24 at 2. While the settlement amount is significantly lower than the alleged damages, Plaintiff's recovery through litigation would depend on her ability to prevail at trial. Considering the "legal and evidentiary challenges that [Plaintiff] would face . . . in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016), the settlement amount is reasonable. In particular, Defendants dispute whether the Jewish Child Care Association of New York, Inc., a non-profit corporation, qualifies as an "enterprise," within the meaning of the FLSA. *See* Dkt. 15 at 6–9; *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 97 (2d Cir. 2009) ("Generally, non-profit organizations that do not engage in ordinary commercial activities or serve the general public in competition with ordinary commercial enterprises operate without a business purpose and therefore are not enterprises [under the FLSA]."). Defendants also "strongly contest [that Plaintiff] performed compensable work

outside her recorded hours and the number of overtime hours actually worked." Dkt. 24 at 2. In light of these litigation risks, and based on the totality of the circumstances, the Court finds the settlement amount to be reasonable.

Plaintiff's non-wage claims have been resolved pursuant to a separate, confidential agreement. *See id.* Although the Second Circuit "has not ruled directly on the permissibility of [such] bifurcated settlements" in the context of a *Cheeks* review, *Fleming v. NADAP, Inc.*, No. 23-CV-8892, 2024 WL 5056352, at *2 (S.D.N.Y. Dec. 9, 2024), numerous courts in this Circuit have approved of these kinds of settlements, *see, e.g.*, *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016); *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-CV-7131, 2021 WL 38264, at *6 (S.D.N.Y. Jan. 5, 2021); *Pavone v. Diesel U.S.A., Inc.*, No. 21-CV-5219, 2022 WL 1177344, at *2 (S.D.N.Y. Mar. 2, 2022); *Fleming*, 2024 WL 5056352, at *2; *Edilson v. With Pride Air Conditioning & Heating Inc.*, No. 26-CV-1032, 2026 WL 2279529, at *13 (E.D.N.Y. Aug. 7, 2026). Here, the parties represent that the separate agreement addresses only Plaintiff's "non-wage employment claims" and that this agreement is supported by separate consideration. *See* Dkt. 24 at 1. Under these circumstances, the Court has "no basis to infer that . . . a separate agreement for non-FLSA claims has been used . . . to end-run legal limitations on the settlement of FLSA claims." *Pavone*, 2022 WL 1177344, at *2.

**II. Attorney's Fees**

The Court must also "independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the retainer agreement reflects that Plaintiff agreed to pay her counsel a contingency fee of 36% of the net proceeds of any settlement. *See* Dkt. 28, Ex. 1 at 1. The settlement agreement, however, allocates only $1,000.00, or 20% of the total settlement amount, to attorney's fees, *see* Dkt. 26, Ex. 1 at 3, and Plaintiff's counsel only "seek[s] approval of $1,000.00 in attorney's fees," Dkt. 28

at 1. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The proposed 20% fee is therefore reasonable as a fair percentage of the award.

**III. Release Provision**

Finally, the Court concludes that the release of claims provided for in the settlement agreement is appropriately limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiff has agreed to release Defendants "from any and all wage claims . . . relating to [Plaintiff's] employment with Defendants." Dkt. 26, Ex. 1 at 2. This release is limited to wage-related claims under the FLSA and New York law that predate the settlement agreement. *See id.* Courts in this District routinely approve similar releases. *See, e.g.*, *Moore v. FQSR, LLC*, No. 24-CV-5835, 2026 WL 981496, at *4 (S.D.N.Y. Apr. 13, 2026); *Bell v. Equinox Holdings, Inc.*, No. 25-CV-1644, 2025 WL 2158807, at *4 (S.D.N.Y. July 29, 2025). Accordingly, the release provision is approved.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 24 and close the case.

SO ORDERED.

Dated: October 23, 2026
New York, New York

Ronnie Abrams
United States District Judge